## William S. Sampson *vs.* Somerset Iron Works Company.

Under a written contract to perform, for a fixed quarterly salary, all the duties of general agent of a manufacturing corporation, one of which, specified in the contract, is to render monthly accounts of the funds in his hands, a failure so to render accounts will not defeat his right to recover his salary while he remains their agent.

Action of contract to recover one quarter's salary of the plaintiff, under a contract by which the defendants appointed him their general agent to superintend and carry on their iron works for three years, at a fixed salary, payable quarterly; and he contracted to superintend the erection of the necessary buildings and machinery for carrying on their proposed manufacture, to make all necessary contracts, and purchases of iron and other materials, sell their manufactured articles, endeavor to build up their business and promote their interests, and act as such general agent for said term. Then followed this clause: "All moneys and other funds in the treasury shall at all times be subject to the sole draft of said Sampson, for the business of the corporation, and he shall make monthly returns to the treasury, of all sales made, and money or other funds received or expended by him."

At the trial in the court of common pleas, the execution of the contract was admitted; and the plaintiff proved that, after

the execution of this contract, and before the commencement of said quarter, he began to act as agent of the defendants, and did some acts as such during said quarter; but did not offer any evidence that he had rendered monthly accounts according to the contract; and *Mellen,* C. J. ruled that, for want of such evidence, he could not recover. He thereupon became nonsuit, and took exceptions.

*T. S. Harlow,* for the plaintiff.

*B. Sanford,* for the defendants.

MERRICK, J. The defendants contend that the stipulation of the plaintiff to make monthly returns concerning the receipt and disposition of the money of the defendants was a condition precedent, and therefore that proof of the performance of his duty in this particular is an indispensable prerequisite to the maintenance of an action for the recovery of any part of his annual salary.

But this is an erroneous view of the effect of the stipulations expressed in the written contract. It has been suggested, on the part of the plaintiff, that it is not apparent, from any thing stated in the bill of exceptions, that any funds did in point of fact come into his possession to be accounted for. And this seems to be correct. We do not however place our decision at all upon that ground, but confine it to the particular question which was raised and discussed at the argument of the cause, concerning what was considered by the defendants to be a condition precedent.

It is said to be sometimes difficult to determine whether covenants are, or were intended by the parties to be, dependent or independent. But there is an established rule upon this subject, which, being applied to the facts and circumstances of the present case, affords an easy and ready solution of the question in controversy. In all contracts where the supposed condition is distinctly separable, so that much of what is agreed to be done can be performed on both sides, in the same manner as if the condition was not there, it must be treated as a stipulation the breach of which gives an action only to the injured party. In other words, if the agreement, insisted upon as a condition, goes

to a part only of the consideration on both sides, and a breach may be paid for in damages, the provisions in the contract are independent.   2 Parsons on Con. 39, 189.   1 Saund. 320, *note* 4.

The agreement of the plaintiff to render a monthly account of the funds of the company had no necessary connection with the other duties he was bound to perform in their behalf.   It was without doubt considered a very useful and important part of the special services he was to render to his employers, the neglect of which might have afforded them just cause of complaint.   But it was distinct and separable from many other things to be done by him in his capacity as agent, and therefore cannot be regarded as a condition precedent.   It was a stipulation only, upon the breach of which he was liable for damages for whatever injury was in any way caused to the defendants.   And it might also perhaps have justified them in terminating the contract, and discharging him from their employment.   But it is not here necessary to give that question any particular consideration.

Instead of the ruling under which the plaintiff submitted to a nonsuit, the case should have been submitted to the jury, upon the evidence produced, to determine whether any, and if any, what proportion of his salary was due to the plaintiff.

*Exceptions sustained.*